|   |   |   |
|---|---|---|
| | UNITED STATES DISTRICT COURT | |
| | DISTRICT OF NEVADA | |

|   |   |
|---|---|
| | * * * |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:13-CR-00079-LRH-WGC |
| ) | |
| v. ) | |
| ) | ORDER |
| JAMES EVANS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

On July 23, 2013, Defendant James Evans ("Evans") was stopped by Washoe County Sheriff's Office Deputy Brandon Zirkle ("Zirkle") while driving on Interstate 80 ("I-80") near Verdi, Nevada. Zirkle stated that he initiated the stop because Evans cut off another vehicle, causing its brake lights to illuminate. In fact, another Sheriff's Deputy, Detective Blaine Beard ("Beard"), who was assigned to the Drug Enforcement Administration task force in Reno, Nevada, asked Zirkle to conduct a "wall stop" of Evans to follow up on information obtained by Beard in his investigation of Evans. Beard gave Zirkle information about Evans' car, explaining that he was traveling from California with narcotics and that Beard had GPS location information from Evans' cellular phone. Zirkle conducted records and warrants checks, including an ex-felon registration check, and asked Evans a number of questions related to his travel plans. After Evans refused to consent to a search of his vehicle, Zirkle ran his canine "Thor" around the car, and obtained a positive alert to the scent of contraband approximately twenty-four minutes after the stop began.

1    Evans and his passenger, September McConnell ("McConnell"), were charged with
2 conspiracy to distribute five grams or more of methamphetamine, possession with intent to
3 distribute, and carrying a firearm during and in relation to a drug trafficking crime. Evans was also
4 charged for being a felon in possession of a firearm. On October 21, 2013, Evans filed a Motion to
5 Suppress, arguing that the evidence obtained in the search that followed the positive canine alert
6 was tainted based on a traffic stop that was unreasonably prolonged. Doc. #41.[1] The Court held an
7 evidentiary hearing on December 20, 2013, during which the Court heard testimony of Zirkle and
8 Beard. After considering the evidence and arguments presented by both parties, the Court granted
9 Evans' Motion to Suppress, finding that this was "a classic subterfuge traffic stop" and that the stop
10 was unduly prolonged. Doc. #75.
11   The United States filed a Notice of Appeal on January 17, 2014. Doc. #63. On October 6,
12 2014, the Ninth Circuit Court of Appeals vacated submission of the case pending the United States
13 Supreme Court's disposition of *Rodriguez v. United States*. Doc. #86. The Supreme Court decided
14 *Rodriguez* on April 21, 2015. 135 S. Ct. 1609 (2015). Applying *Rodriguez*, the Ninth Circuit held
15 on May 20, 2015 that Evans' traffic stop was unreasonably prolonged, and that the dog sniff was
16 "'aimed at detect[ing] evidence of ordinary criminal wrongdoing,' rather than an 'ordinary inquir[y]
17 incident to [the traffic] stop.'" Doc. #93 at 15. The Court added that this was an unconstitutional
18 seizure "unless the officer had independent reasonable suspicion to support such a prolongation."
19 *Id.* at 17 (citing *Rodriguez*, 135 S. Ct. at 1612). As such, the court remanded "for consideration in
20 the first instance of whether Zirkle's prolongation of the traffic stop was supported by independent
21 suspicion." *Id.* at 19-20. The Ninth Circuit's mandate was entered on June 12, 2015. Doc. #100.
22   If the parties wish to file supplemental memoranda on the question of whether Zirkle's
23 prolongation of the traffic stop was supported by independent suspicion, the parties may do so
24 within fourteen days of this Order. The parties may thereafter file responses within seven days of
25 any supplemental memorandum.
26

---

[1] Refers to the Court's docket number.

IT IS THEREFORE ORDERED that the parties shall file any supplemental memoranda regarding Zirkle's purported independent suspicion within fourteen (14) days of this Order. The parties may file responses within seven days of any memorandum.

IT IS SO ORDERED.

DATED this 16th day of June, 2015

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE